[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arose out of a collision between a motorboat and a buoy. The plaintiffs have sued the operator of the boat ("Cox") and the owner and permittee of the buoy ("Buchanan" and "Gardella", respectively). Another passenger in the boat, Beth Ferenc, has sued Buchanan and Gardella in the Federal District Court, and those defendants have impleaded Cox.
The defendants Buchanan and Gardella (but not the defendant Cox) moved for a protective order requesting that this court seal the deposition which the plaintiff intends to take of one Edward Everich, a former employee of Buchanan, as well as other employees, and to prohibit the dissemination of the deposition's transcript or video tape to counsel on the Ferenc. The time for counsel in that case to conduct discovery has expired, and the plaintiff there has no longer a right to depose Mr. Everich. The defendants[1] wish to preclude the plaintiff in the federal case from obtaining in state court that which she may not have in the federal court.
The defendants bring this motion pursuant to the provisions of Practice Book, § 221, which reads, in pertinent part, as follows:
 "Upon motion by a party from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court;. . . ."
CT Page 2092
The defendants have shown no good cause to seal such deposition, nor have they cited to any authority in Connecticut which would approve it. Cases reviewed by the court which uphold sealing involve issues of a personal and sensitive nature, or embarrassment, and not the sharing of discovery with litigants in other similar suits.
The parties have advised the court that District Court Judge Squatritto intends to hold a hearing on the admissibility or use of the depositions in question in the Ferenc action. Indeed, this is where the resolution of the issue belongs. There is no compelling reason why this court should impose on the plaintiffs any restriction on the use of the depositions, especially, when it appears that justice would be served rather than thwarted by their release. The court finds no unfairness to the defendants in this conclusion. Therefore, there being no good cause shown, the defendants' motion for protective order is denied.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of February, 1998.
D'ANDREA, J.